IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE MANUEL VALLE JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-01481-JD |
| | ) | |
| TRADERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Jose Manuel Valle Jimenez's ("Plaintiff") Motion to

Remand ("Motion"). [Doc. No. 10]. Defendant Traders Insurance Company

("Defendant") filed a Response [Doc. No. 13], and Plaintiff filed a Reply [Doc. No. 14].

For the reasons outlined below, the Court denies the Motion.

## I.      BACKGROUND

Plaintiff initiated this case in the District Court of Oklahoma County. [Doc. No. 1-

1 at 1].[1] Plaintiff's Petition states that he is a resident of Oklahoma and that Defendant is

a Missouri corporation with its principal place of business in Missouri. [*Id.* ¶¶ 1, 2]. The

Petition also states that "[t]he amount in controversy is less than the amount required for

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." [*Id.* ¶ 3]. Plaintiff alleges claims

of breach of contract and breach of the duty of good faith and fair dealing against

Defendant, seeking actual and consequential damages exceeding $10,000. [*Id.* ¶¶ 20–34].

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the district court docket filing.

In state court, Defendant filed a Motion to Clarify Damages, seeking to determine "if Plaintiff's damages could exceed the amount required for diversity jurisdiction." [Doc. No. 7-2 at 5]. After the filing of the motion, on September 15, 2025, Plaintiff served Defendant with his Initial Disclosures. [Doc. No. 7-3 at 5–8]. In his Initial Disclosures, Plaintiff stated the following regarding his computation of damages:

> Plaintiff is seeking compensatory damages in the amount of $22,000. This computation of damages is based on the direct loss of benefits and coverage payable under Plaintiff's insurance policy, as well as Plaintiff's loss of business, emotional distress, embarrassment, and loss of reputation flowing from Defendant's denial of Plaintiff's claim and Defendant's wrongful cancellation of Plaintiff's insurance policy. Plaintiff also seeks punitive damages in an amount equal to the amount of actual damages awarded by the jury at trial. Finally, Plaintiff seeks statutory interest on all amounts awarded and all attorney fees and costs incurred by Plaintiff in prosecuting this lawsuit.

[*Id.* at 5]. The court subsequently held a hearing on Defendant's motion and filed an order on December 2, 2025, denying the motion, stating that "Plaintiff's Initial Disclosures provide Defendant with the information necessary to determine the amount of damages in controversy." [Doc. No. 1-3]. The order also notes that "Plaintiff declined Defendant's offer to enter a stipulation limiting Plaintiff's potential recovery in this action to less than $75,000.01." [*Id.*].

On December 11, 2025, Defendant removed the case to this Court based upon diversity jurisdiction. [Doc. No. 1 ¶¶ 3–9]. In support of the amount in controversy requirement, Defendant stated that it based its determination regarding the amount in controversy on "[Plaintiff's] counsel's in-court statements, his refusal to stipulate to limit

damages below the jurisdictional threshold, and the attached Order denying the Motion to Clarify Damages." [*Id.* ¶ 8].

Plaintiff filed the Motion, requesting that the Court remand the case to state court. [Doc. No. 10]. Plaintiff argues that Defendant's Notice of Removal was untimely because, pursuant to 28 U.S.C. § 1446(b)(3), the deadline to file was within 30 days after receiving Plaintiff's Initial Disclosures. [*Id.* at 4]. Plaintiff states that the Initial Disclosures constitute "other paper" within the meaning of the statute, "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). [*Id.* at 4–6]. Plaintiff served his Initial Disclosures on September 15, 2025, and Defendant did not file its Notice of Removal until December 11, 2025. [*Id.* at 3].

Defendant argues that the Initial Disclosures did not provide clear and unequivocal notice that the requisite amount in controversy was present to trigger the 30-day removal period. [Doc. No. 13 at 10]. Defendant states that it did not know that the amount in controversy exceeded $75,000 until the following things occurred: (1) during the October 30, 2025, hearing on Defendant's Motion to Clarify, Plaintiff's counsel refused to stipulate that the amount of recovery was less than the amount required for diversity jurisdiction [Doc. No. 1 ¶ 6]; (2) during the same hearing, Judge Andrews stated that, based upon the Plaintiff's Initial Disclosures and Plaintiff's refusal to stipulate, the amount sought by Plaintiff should now be clear to Defendant [*id.*]; and (3) the District Court of Oklahoma County filed an order on December 2, 2025, denying the Motion to Clarify Damages [*see id.* ¶ 7; *see also* Doc. No. 1-3].

## II.    STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the party invoking the Court's jurisdiction, here Defendant, must demonstrate jurisdiction exists by a preponderance of the evidence. *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016). A federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## III.    DISCUSSION

Plaintiff argues that Defendant's December 11, 2025, Notice of Removal was untimely. [Doc. No. 10 at 4–5]. Generally, a defendant has 30 days after the defendant receives the initial pleading to remove the case. 28 U.S.C. § 1446(b)(1). However, both parties concede that the amount in controversy was not discernable from the Petition, thus 28 U.S.C. § 1446(b)(3) determines the deadline for removal. Section 1446(b)(3) provides as follows:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff argues that his Initial Disclosures are the "other paper" that triggered the 30-day removal period. [Doc. No. 10 at 5].

Accordingly, the Court must determine if the Initial Disclosures qualify as "other paper" for purposes of the statute. The Tenth Circuit has interpreted "other paper"

4

broadly to include state court filings and discovery. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 & n.2 (10th Cir. 2016) (also noting 28 U.S.C. § 1446(c)(3)(A) to include "information . . . in the record of the State proceeding" as being treated as "other paper"). For the "other paper" to provide a basis for removal, it must provide "unequivocal notice of the right to remove," which means it is not ambiguous or does not require extensive investigation. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). "This circuit has been very strict in assessing whether the grounds for removal are ascertainable. We require a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Props.*, 835 F.3d at 1269.

As outlined above, Plaintiff's Initial Disclosures state that "Plaintiff is seeking compensatory damages in the amount of $22,000" and "Plaintiff also seeks punitive damages in an amount equal to the amount of actual damages awarded by the jury at trial." [Doc. No. 7-3 at 5]. The Court cannot conclude that this provides unequivocal notice that Plaintiff is seeking more than $75,000. On their face, Plaintiff's Initial Disclosures seems to state that Plaintiff is seeking up to $22,000, plus another (up to) $22,000 in punitive damages.

However, Plaintiff states that the Oklahoma punitive damages statute would have made Defendant aware that the amount in controversy exceeded $75,000. Based upon the level of willfulness of an insurer's conduct, a jury can award punitive damages (1) not to exceed the greater of $100,000 or the amount of actual damages awarded; (2) not to exceed the greatest of $500,000, twice the amount of actual damages awarded, or the

increased financial benefit derived by the insurer as a result of the injurious conduct; or (3) any amount the jury deems appropriate. 23 Okla. Stat.§§ 9.1(B)(2), (C)(2), (D)(2).

The Court cannot view Plaintiff's request for punitive damages as unequivocal notice of the right to remove. As explained above, the Tenth Circuit requires "a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Props.*, 835 F.3d at 1269. Additionally, although Plaintiff said he was seeking punitive damages in his Initial Disclosures, the Petition specifically stated that "[t]he amount in controversy is less than the amount required for diversity jurisdiction[.]" [Doc. No. 1-1 ¶ 3]. Plaintiff did not request punitive damages in his Petition. [*See generally id.*].

In *Bannister v. State Farm Insurance Co.*, the court concluded that "the petition did not reliably inform the defendants as to whether the amount in controversy exceeded $75,000.00" when it "disclosed only that plaintiff sought an amount in excess of $10,000.00 on the good faith claim, plus an amount in excess of $10,000.00 by way of *punitive damages*." No. CIV-09-1244-F, 2010 WL 11505941, at *2 (W.D. Okla. Feb. 22, 2010) (emphasis added). Accordingly, courts are not construing claims for punitive damages in bad faith cases as unequivocally providing notice of the amount in controversy. Nor has Plaintiff cited case law demonstrating courts are construing requests for punitive damages as providing unequivocal notice of removability. [*See* Doc. No. 10 at 4 (citing no cases in support and stating, "Under Oklahoma law, a request for punitive damages raises the minimum amount in controversy to $100,000, regardless of the sought amount of actual damages.")].

6

Construing a request for punitive damages, without more, as unequivocal notice of removability would be inconsistent with the Tenth Circuit's stated "strict rule":

> Our strict rule is justified by important practical considerations. Litigation concerning when the defendant realized or should have realized the amount in controversy or the like can expend considerable resources of the court and the parties. And the expenditure is wholly unnecessary. Any time the plaintiff wishes to start the 30-day clock, it can provide the defendant with an unambiguous notice of what is being claimed. For similar reasons, other circuits have held that they will not inquire into a defendant's subjective knowledge or what the defendant should have inferred from an investigation or a review of its files.

*Paros Props.*, 835 F.3d at 1270.

Accordingly, the Court concludes that Plaintiff's Initial Disclosures did not provide unequivocal notice of removability and that the 30-day period of removability did not begin on September 15, 2025.[2]

## IV.   CONCLUSION

For the reasons outlined above, the Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED this 11th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff only asserts that the 30-day period for removability began on September 15, 2025. [Doc. No. 10 at 2, 4; Doc. No. 14 at 2]. Plaintiff does not assert an alternate date. Defendant argues it did not have enough information to know removal was possible until December 2, 2025. [*See* Doc. No. 13 at 25–26 ("Traders sought removal within thirty (30) days of the Order. The Order stated that Plaintiff refused to stipulate to limiting his recovery to less than the amount needed for federal jurisdiction. A refusal to stipulate to recovery of less than the jurisdictional amount, combined with a refusal to properly plead the amount in controversy, is sufficient to determine that the amount in controversy is greater than the jurisdictional requirement.") (internal citation omitted)].